UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ABDUWALI ABDUKHADIR MUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:17-cv-00291-WTL-MJD |
| R.D. SHEPHERD, ) | |
| KIMBERLY RHOADS, ) | |
| CHRISTOPHER McCOY, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting R.D. Shepherd's Motion for Summary Judgment
and Denying Plaintiff's Request to Substitute Defendant**

Plaintiff Abduwali Muse, an inmate of the Federal Bureau of Prisons (BOP), brought this action pursuant to the theory recognized in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that while he was confined at the United States Penitentiary in Terre Haute, Indiana (USP Terre Haute), defendants were deliberately indifferent to his need for dental treatment in violation of his Eighth Amendment rights.[1] Defendant Dr. R.D. Shepherd moves for summary judgment on Muses's claims against him arguing that because he is an officer of the United States Public Health Service, he is entitled to absolute immunity pursuant to 42 U.S.C. § 233(a). For the following reasons, Dr. Shepherd's motion for summary judgment, Dkt. No. 20, is **granted**.

---

[1] Dr. Shepherd contends that the Court did not screen and authorize a First Amendment retaliation claim when Mr. Muse's complaint was screened. While correct, the Court also did not provide Mr. Muse an opportunity to alert it to overlooked claims or defendants. The Court did, however, direct service of the complaint on Dr. Shepherd, and the complaint clearly contains a retaliation claim. The Court will therefore consider Mr. Muse's arguments related to that claim.

## I. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

## II. Undisputed Material Facts

Dr. R.D. Shepherd is a Captain with the United States Public Health Service (PHS). He was detailed to the USP Terre Haute, Indiana, on August 31, 1998. Since November 1, 2007, he has served as the USP Terre Haute's Chief Dental Officer. At all times relevant to the allegations

in Mr. Muse's complaint, Dr. Shepherd was acting within the course and scope of his employment and duties with the Public Health Service.

Mr. Muse does not dispute any of these material facts.

### III. Discussion

Dr. Shepherd seeks summary judgment arguing that he is entitled to absolute immunity from Mr. Muses's claims because he is an officer of the PHS. Officers of the United States Public Health Service enjoy immunity from lawsuits when, as here, a remedy for a potential plaintiff exists under the Federal Tort Claims Act (FTCA). The relevant section of the Title 42 provisions concerning the Public Health Service (PHS) provides, in pertinent part, that the FTCA provides the only remedy against PHS officers:

> (a) Exclusiveness of remedy
>
> The remedy against the United States provided by [the FTCA] precludes a remedy . . . for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, [and] shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

There is no exception to this immunity. Because all of Dr. Shepherd's actions relate to the providing, delay, or withholding of dental care arising out of the course of his employment, Mr. Muse's sole remedy for any Eighth Amendment deliberate indifference claim is a suit against the United States under the FTCA. *Hui v. Castaneda*, 559 U.S. 799, 802 (2010) ("PHS officers and employees are not personally subject to *Bivens*, actions for harms arising out of" the course of their employment).

A. *Request for Substitution*

Acknowledging that Dr. Shepherd is immune from his deliberate indifference claim, Mr. Muse asks this Court to substitute the United States as a defendant so that he can pursue an FTCA claim based on the same facts. Dr. Shepherd's counsel opposes the substitution of the United States in his place pursuant to the FTCA. Counsel contends and provides documentary support that it would be futile to make the substitution because Mr. Muse's claims under the FTCA are time-barred by more than two years. *See* Dkt. No. 27, attachments 1-5. In response, via his surreply, Mr. Muse only contends that he desires the substitution of parties to avail himself of the relation back doctrine. Dkt. No. 31.

Dr. Shepherd's counsel shows that Mr. Muse submitted claims to the United States for Dr. Shepherd's relevant actions on September 3, 2013. Dkt. No. 27-1. The claim was denied and notice sent to Mr. Muse on April 16, 2014. Dkt. Nos. 27-1, 27-5. Pursuant to 28 U.S.C. § 2401(b), Mr. Muse had two years after his claim arose or six months after the denial of his claim was mailed in which to file suit under the FTCA. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015). Thus Mr. Muse's FTCA claim against Dr. Shepherd expired on October 16, 2014. The instant *Bivens* action was filed June 19, 2017, almost three years later. It would therefore be futile for Mr. Muse to substitute the United States for Dr. Shepherd because his instant claim would be time barred.

A district court may properly deny amendments and substitutions of parties where such action would be futile. *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 915 (7th Cir. 2000) (it would be futile to allow amendment when claim would be time barred). Therefore, Mr. Muse's request to substitute the United States for Dr. Shepherd is **denied**.

B. *Retaliation Claim*

With regard to his retaliation claim, Mr. Muse argues that the act of retaliation, a violation of his First Amendment rights, is not an act that is within the scope of Dr. Shepherd's employment. This argument overlooks the fact that Dr. Shepherd's alleged retaliation was to withhold or delay dental services. The immunity provided in § 233 does not provide an exemption based on the motive of a defendant's actions. The alleged retaliatory actions were related to Dr. Shepherd's course of employment, and they are protected from suit by the PHS immunity. This conclusion is supported by the Supreme Court's decision in *Hui* that 42 U.S.C. § 233(a) precludes any *Bivens*-type actions against PHS officers. Mr. Muse's retaliation claim was brought, if at all, pursuant to the authority of *Bivens*. It is, accordingly, barred by Section 233(a).

For these reasons, Dr. Shepherd's motion for summary judgment is **granted** on both of Mr. Muse's claims.

### V. Conclusion

Dr. R.D. Shepherd's motion for summary judgment, Dkt. No. 20, is **granted**. The claims against Dr. Shepherd are **dismissed**. The **clerk is directed** to update the docket to remove Dr. Shepherd as a defendant. Mr. Muse's request to substitute the United States as a defendant is **denied**. No partial final judgment shall enter at this time.

**IT IS SO ORDERED**.

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 2/9/18

Distribution:

ABDUWALI ABDUKHADIR MUSE
70636-054
EDGEFIELD - FCI
EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION

Inmate Mail/Parcels
P.O. BOX 725
EDGEFIELD, SC 29824

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov

Craig W. Wiley
JACKSON LEWIS PC (Indianapolis)
craig.wiley@jacksonlewis.com